IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


**DOUGLAS MARSHALL,**
of the Jackson Family,

    Plaintiff,

vs.                                                          CASE NO. 4:09CV78-RH/AK

**FLORIDA DEPARTMENT OF CORRECTIONS**, et al,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

This cause is before the court upon receipt of Plaintiff's "Emergency Complaint," (doc. 1), and motion to proceed *in forma pauperis*. (Doc. 2). Plaintiff is a frequent and abusive filer in the federal court system. See Exhibit A (list of cases under several name variations). He has had more than three cases dismissed as frivolous in this district: Nos. 4:96cv138, 4:97cv58: 4:98cv26; 4:99cv226; 4:06cv317. More cases have been dismissed for failure to state a claim for relief: Nos. 3:06cv133; 1:05cv155. Apparently, Plaintiff's new tactic is to use his middle name as his last name in an attempt to bypass his previous filing history, but his inmate number identifies him as Douglas Marshall Jackson. See Exhibit B (Inmate Information Detail).

The Prison Litigation Reform Act of 1995 (PLRA), which was enacted on April 26, 1996, provides that a prisoner may not bring a civil action *in forma pauperis* under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).  Although Plaintiff entitles his pleading "Emergency Complaint" and sprinkles the phrase "imminent danger," throughout the pleading, his claims involve a rehash of previous filings, i.e. vague and non-specific threats and "danger" at the hands of corrections officers at his present place of incarceration in retaliation for his persistent grievance filing. Attached to his complaint are **numerous** grievances he has filed about the threats and alleged abuse at Santa Rosa CI.  This suggests that even **he** does not take these threats too seriously.  (See Report and Recommendation regarding similar threats by Jefferson CI officers in Case No. 4:06cv317, doc. 10).

Therefore, in accordance with 28 U.S.C. § 1915(g), Plaintiff is barred from bringing this action in federal court without full pre-payment of the filing fee.  Section 1915(g) does not bar Plaintiff from filing civil actions; it merely prohibits him from enjoying *in forma pauperis* status.  Plaintiff "still has the right to file suits if he pays the full filing fees in advance, just like everyone else." Carson v. Johnson, 112 F.3d 818, 821 (5th Cir. 1997); *see also*, Lyon v. Krol, 127 F.3d 763, 765 (8th Cir. 1997); Hains v. Washington, 131 F.3d 1248, 1250 (7th Cir. 1997); Newlin v. Helman, 123

**No. 4:09cv78-RH/AK**

F.3d 429, 434-36 (7th Cir. 1997).  Accordingly, Plaintiff must pay the court's $350.00 filing fee to proceed in this case.

As an additional note, the undersigned takes judicial notice that Plaintiff has already been denied *in forma pauperis* status in this court and advised that he may not file a case without payment of the filing fee.  See case 4:06cv317.  Plaintiff disregarded this order and filed this case with an *in forma pauperis* motion and presumably sought to avoid this previous bar by calling himself by a different name. Thus, by virtue of the fact that Plaintiff filed this case knowing all the while that he is not eligible to proceed *in forma pauperis*, he should be liable for the court's filing fee as a sanction.  Hains v. Washington reiterated that:

> . . . the filing of a complaint (or appeal) is the act that creates the obligation to pay fees, and what the judge does later does not relieve a litigant of this responsibility.  It would be absurd if the very weakest complaints--those summarily thrown out under § 1915A--were cost-free from the prisoner's perspective, while more substantial claims must be paid for.

131 F.3d at 1250, *citing* Newlin, 123 F.3d at 434-36.  Plaintiff may choose to proceed with this case or not; however, he should be responsible for the filing fee either way since he intentionally filed the *in forma pauperis* motion despite being previously informed he could not do so.

The Seventh Circuit has recognized the special problem with a litigant who has become "ineligible under § 1915(g) to continue litigating in forma pauperis, and who then files additional suits or appeals yet does not pay the necessary fees . . . ." Newlin, 123 F.3d at 437.  In this situation, the litigant loses "the ability to file future civil suits."  *Id.*  Citing Support Systems International, Inc. v. Mack, 45 F.3d 185 (7th

**No. 4:09cv78-RH/AK**

Cir. 1995), a pre-PLRA case, the court reasoned that the better approach is not to enter anti-suit injunctions, but order the clerks of the court within the district "to return civil complaints unfiled, without even presenting them to judges, until the plaintiff's debt to the judicial system has been paid." Id.; cf. Schlicher v. Riddle, 111 F.3d 777, 780 (10th Cir. 1997).  Exceptions to this policy exist only for cases in which the plaintiff is named as a defendant or where he files an application for habeas corpus relief.  Newlin, 123 F. 3d at 437.  This seems to be the correct approach for these situations, and one which should be adopted in this court with a small modification.  Rather than place the burden on the clerk of court to review the substance of any additional complaints filed by Plaintiff, the clerk's office should refer the file to the magistrate judge for a determination as to whether the document will be returned without filing.

Additionally, another exception which should be incorporated, but is not mentioned in Newlin, is specified in § 1915(g).  Under this exception, Plaintiff may file a civil rights case if he is under imminent danger of serious physical injury.  *See* Schlicher, 111 F.3d at 780.  Plaintiff is cautioned, however, that if he chooses to falsely claim imminent danger as he alleged in the case at bar, he will be liable for additional sanctions under Fed. R. Civ. P. 11; this includes the possibility of a recommendation that the superintendent at Plaintiff's institution forfeit gaintime as authorized by FLA. STAT. ch. 944.28(2)(a).

Thus, Plaintiff should once again be denied *in forma pauperis* status and afforded a limited period of time in which to pay the full filing fee.  If Plaintiff does not

**No. 4:09cv78-RH/AK**

pay the fee, this case should be dismissed.  For Plaintiff's failure to adhere to the prior order of this court, he should be charged the filing fee for this case and also be prohibited from filing any further civil actions in this district until his judicial debt is paid in full.

It is therefore, respectfully **RECOMMENDED** that:

1.  Plaintiff's motion to proceed in forma pauperis (doc. 2) be **DENIED**.

2.  Plaintiff shall have fifteen days after entry of this report and recommendation to pay the full $350.00 filing fee, and that if Plaintiff does not pay the fee, this case should be **DISMISSED**.  Notwithstanding subsequent dismissal, Plaintiff has incurred a $350.00 judicial debt in this court as a sanction.

3.  The clerk of court MAIL a copy of this order, with the appropriate cover letter, to: Department of Corrections, 2601 Blair Stone Road, Tallahassee, Florida 32399-2500, Attention: Anthony Miller, Deputy General Counsel, so that this order may be included in Plaintiff's institutional file for future disciplinary action, if necessary.

4.  Until Plaintiff's debt to the judicial system has been paid, the clerk of court should be directed to forward any civil complaint submitted by Plaintiff to a magistrate judge, without filing, for a determination of the substance of the complaint.  If the magistrate judge determines Plaintiff has filed a civil rights case in which Plaintiff sufficiently presents a claim that he is under imminent danger of

**No. 4:09cv78-RH/AK**

serious physical injury, or that Plaintiff is a defendant in the cause, or that he is asserting a habeas claim, the complaint will be accepted by the magistrate judge for filing and promptly docketed.  Otherwise, it will be returned without filing.

**IN CHAMBERS** at Gainesville, Florida, this 10th day of April, 2009.

s/ A Kornblum_____
**ALLAN KORNBLUM**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

**No. 4:09cv78-RH/AK**